## Richardson v. Hays et al.

January 17, 1947.

E. Selby Wiggins for appellant.

Geo. C. Robbins and J. R. Llewellyn for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On January 21, 1921, E. S. Baker and wife sold and conveyed to appellant, J. W. Richardson, a tract of land in Madison County containing some 240 acres. The consideration agreed to be paid therefor, as we gather from the record, was $13,000, $8,000 of which was paid in cash and for the remaining $5,000 Richardson executed his five notes to Baker for $1,000 each. The cash for which the down payment of $8,000 was made was obtained by Richardson from the Federal Land Bank of Louisville, Kentucky, and the purchaser gave to it a first mortgage on the tract of land purchased from Baker, and then executed a second mortgage to Baker to secure the five $1,000 notes.

On February 22, 1929, the bank filed an action in the Madison circuit court against Richardson, and other defendants supposed to have some interest in the mortgage, including Baker and wife, in which the bank sought to obtain a judgment for the amount of its debt, interest and costs, and the enforcement of its prior and superior

lien against the land. A copy of that entire proceeding is filed with the petition herein as an exhibit thereto. It appears that none of the defendants made defense to that action and the bank obtained judgment for the amount of its debt, interest and costs and the enforcement of its lien on the land, the commissioner being directed to enforce the lien by a sale of the encumbered property which he did at a price insufficient to discharge the bank's lien, leaving $2,106 of its judgment against Richardson unpaid. The court in that case made no order whatever concerning the secondary lien of Baker. No appeal was taken in that case by any one and the judgment therein became final, which left Baker's notes entirely unsecured by any character of collateral security. His lien thereby became extinguished leaving his notes as evidencing only the personal unsecured obligation of Richardson.

After that sale Richardson moved to Jackson County and acquired a small tract of land in that county which he later sold to the appellee herein, T. R. Hays, for the consideration of $1,000 evidenced by Hays' obligation to discharge it in the manner described in the deed of Richardson to him, which involved the sawing of timber on the land, and the taking of lumber by Hays at so much per hundred feet; and other obligations by Richardson, none of which are necessary to the decision of the merits of this case. Hays and Richardson became involved in a controversy as to the performance they each assumed in that deed. Hays in the meantime acquired, by assignment from Baker, one of the latter's unsecured notes (one of the five executed by Richardson to Baker in payment of the Madison County farm) after which he filed an action in the Jackson circuit court against Richardson to recover judgment on that note which was followed by Richardson making defense thereto—the same as is alleged in the instant petition as a basis for the relief therein sought. On final hearing of that case the court gave judgment in favor of Hays against Richardson for the sum of $1,080, interest and costs. No appeal was taken from that judgment and it became final.

Thereafter the clerk of the Jackson circuit court, at the instance of Hays, issued an execution against

Richardson directed to the sheriff of Madison County into which Richardson, following the Jackson County litigation, had moved and purchased another tract of land containing practically the same acreage as the one he purchased from Baker in 1921. The sheriff of Madison County, appellee, Harold Moberley, either had or was threatening to levy that execution on the second farm purchased by Richardson in that county, when he filed this action in the Madison circuit court to enjoin the enforcement of the execution, on the ground that the Jackson circuit court had no jurisdiction to render the judgment against him upon which the execution had issued, and that the judgment in favor of Hays was therefore void. That contention was based upon the theory that the $1,000 Baker note assigned to Hays was a lien note on land and that section 62 of our Civil Code of Practice (subsection 3) requires such an action to be brought in the county where the land in lien is located. A copy of the judgment of the court in the Jackson county case was likewise filed as an exhibit with the petition in this case.

There were some other minor and immaterial contentions made in the instant petition for the injunctive relief therein sought, but none of them are pressed in brief on this appeal from the judgment of the trial court sustaining defendant's demurrer to the petition and dismissing it when plaintiff declined to plead further.

The record reveals—from the express allegations in the petition as aided by the exhibits filed therewith—that the same contention was made in the Jackson circuit court in the case of Hays v. Richardson and in which the former recovered his judgment against the latter. If, however, no such contention, as based under the section of the Code, supra, was made in the Jackson County case, it should have been made, and when the judgment therein became final without appeal to this court the rights of the parties, as adjudged by that court in that case, became finally fixed. Such conclusion is in itself sufficient to sustain the judgment of the Madison circuit court in this case.

However, independently of the effect of the judgment in the Jackson County case there is no merit in plaintiff's (appellant) contention in this case. As we have seen, the Baker $1,000 note that he assigned and

transferred to Hays was no longer a lien against the Madison County farm of Richardson that he purchased from Baker, since it, as security for that note, became exhausted by the action of the Federal Land Bank of Louisville against Richardson, in the enforcement of its prior and first lien, leaving nothing as security for the Baker notes, each of which thereafter became unsecured personal obligations of Richardson.

A number of opinions of this court are cited by counsel for appellant to sustain his position that the judgment rendered by the Jackson circuit court in the case of Hays v. Richardson was void, but in each of them the real estate security for the note sought to be collected in them had neither been totally nor partially exhausted by the enforcement of a prior and superior lien, and in each of which we correctly held that the actions to collect the notes therein involved was not brought in the proper venue.

Wherefore, the judgment is affirmed.